**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

PAVEL RASKIN,

Plaintiff,

v.

ANDREW M. SAUL, Commissioner of Social Security,

Defendant.

Case No. CV 20-4482-JPR

ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDERS

On May 19, 2020, Plaintiff, through counsel Suzanne C. Leidner, filed a Complaint challenging the denial of Social Security disability benefits. The Court issued a case-management order on May 29, 2020, setting various deadlines. On February 18, 2021, Defendant filed notice that Leidner had not communicated a settlement proposal to him by the November 12, 2020 deadline and had not submitted Plaintiff's portion of the joint stipulation to him by January 14, 2021, as ordered.

Consequently, on February 26, 2021, after Plaintiff had failed to respond to Defendant's notice, the Court ordered Leidner to show cause why the lawsuit should not be dismissed for failure to prosecute and to follow Court orders. The OSC stated

that it would automatically be discharged if Plaintiff submitted his portion of the Joint Stipulation to Defendant before March 12, 2021, and filed proof of having done so, or if during that same period Plaintiff or the parties together asked for an extension of the case-management deadlines. The Court warned, in bold letters, that "Plaintiff's failure to timely respond to this OSC will likely result in dismissal of this action." To date nothing has been filed in response to the OSC. Indeed, Plaintiff has taken no action in this case in more than eight months.

Courts may dismiss lawsuits that are not diligently prosecuted. See Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005); Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam). In determining whether to dismiss a plaintiff's action for failure to prosecute, a court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440 (citation omitted). Unreasonable delay creates a rebuttable presumption of prejudice to the defendant that can be overcome only with an affirmative showing of just cause by the plaintiff. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

Here, the first, second, third, and fifth Carey factors militate in favor of dismissal. The Court takes judicial notice of numerous other cases in this district that Leidner has failed

to prosecute;[1] her apparent inability to handle her caseload makes it impossible for the Court to manage its docket, and her failure to respond in any way to the OSC means she has not rebutted the presumption of prejudice to Defendant and that no less drastic sanction is available. Although the fourth factor weighs against dismissal — as it does in every case — the other factors together outweigh the public's interest in disposing of the case on its merits.[2] See Long v. Astrue, 416 F. App'x 633, 634 (9th Cir. 2011) (upholding dismissal of Social Security action for failure to prosecute when plaintiff had not served summons and did not show cause for his failure to do so).

Plaintiff has failed to prosecute this action without showing good cause, so it must be DISMISSED. Leidner is ORDERED to serve Plaintiff with this Order by certified mail and file proof of such service by no later than April 1, 2021. If she does not do so, the Court will sanction her personally $250.

DATED: 3/18/2021

JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE

[1] Those cases include Vazquez v. Saul, No. 5:19-cv-1923 ADS, 2020 WL 7405794 (C.D. Cal. Dec. 16, 2020) (dismissing action for failure to prosecute after Leidner failed to respond to OSC); White v. Saul, No. CV 20-0800-JEM, 2020 WL 7186737 (C.D. Cal. Dec. 7, 2020) (same); Jesus J.V. v. Saul, No. 2:19-CV-04698 DSF (KES), 2020 WL 8461756 (C.D. Cal. Dec. 1, 2020) (same). There are many others. The Court's review of its Case Management/Electronic Case Filing system reveals that in the past year, Leidner has filed at least two dozen new complaints even as she has been unable to handle the caseload she already has. The Court recommends that she seriously consider not taking on any more new clients until she has a better handle on her present work obligations.

[2] Although the Court dismisses this action without prejudice, it takes no view on whether the Appeals Council will or should grant Plaintiff an extension of time to file any new appeal. See 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(c).